**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| EDWARD M. DEPETRILLO, JR., on behalf of himself and all others similarly situated, <br><br> Plaintiff(s), <br><br> -against- <br><br><br> RUSSELL P. GOLDMAN, P.C., RUSSELL P. GOLDMAN *individually*, and JOHN DOES 1-25. <br><br> Defendant(s). | Civil Case No.: _____ <br><br><br> <u>**CIVIL ACTION**</u> <br><br> **CLASS ACTION COMPLAINT** <br> **AND** <br> **DEMAND FOR JURY TRIAL** |

Plaintiffs, EDWARD M. DEPETRILLO, JR., (hereinafter "EDWARD") on behalf of himself and all others similarly situated (hereinafter "Plaintiffs") by and through his undersigned attorney, alleges against the above-named Defendants, Russell P. Goldman, P.C., (hereinafter "GOLDMAN, PC"); RUSSELL P. GOLDMAN *individually,*(hereinafter "RPG"), and John Does 1-25, collectively ("Defendants") their employees, agents, and successors the following:

<u>**PRELIMINARY STATEMENT**</u>

1. Plaintiffs brings this action for damages and declaratory and injunctive relief arising from the Defendant's violation of 15 U.S.C. § 1692 *et seq*., the Fair Debt Collection Practices Act (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

2. The United States Congress enacted the FDCPA in 1977 after noting the abundant evidence of the use of abusive, deceptive and unfair debt collection practices by many debt collectors. The FDCPA aims to eliminate abusive practices by debt collectors and

- 1 -

provide debtors with a private cause of action against debt collectors who fail to comply with the Act.  *See* 15 U.S.C. 1692 *et seq.* <u>Rosenau v Unifund Corp.</u>, 539 F.3d 218, 221 (3rd Cir. 2008); <u>Brown v. Card Service Center</u>, 464 F.3d 450, 453 (3rd Cir. 2006).

3.      Because the FDCPA is a remedial statute, the Third Circuit construes its language broadly, so as to effect its purpose. *See* <u>Brown</u>, 464 F.3d at 453; <u>Matter of Stroh v Director, OWCP</u>, 810 F.2d 61, 63 (3rd Cir. 1987).

4.      The FDCPA regulates the behavior of debt collectors attempting to collect a debt on behalf of another.

5.      The FDCPA is not concern with whether the consumers owes the debt, rather, "[a] basic tenet of the ACT is that all consumers, even those who have mismanaged their financial affairs resulting in default on their debt, deserve the right to be treated in a reasonable and civil manner." *FTC v. Check Investors, Inc.*, 502 F.3d 159, 165 (3d. Cir 2007)(internal citations omitted).

6.      "Congress also intended the FDCPA to be self-enforcing by private attorney general." *Weiss v. Regal Collections*, 385 F.3d 337, 345 (3d Cir. 2004).

7.      Except where the Act expressly makes knowledge or intent an element of the violation, the "FDCPA is a strict liability statute." *Allen ex rel. Martin v. LaSalle Bank, N.A.*, 629 F.3 364, 368 (3d Cir. 2011) (citing in footnote 7, supporting authorities from the Second, Seventh, Ninth and Eleventh Circuits).

8.      A debt collector who violates any provision of the FDCPA is liable for "additional damages" (also called statutory damages") up to $1,000.00 and attorney's fees and costs. 15 U.S.C. § 1692k(a).  The absence of actual damages is not a bar to such actions as "Congress may enact statutes creating legal rights, the invasion of which creates standing,

even through no injury would exist without the statute." *Linda R.S. v. Richard D.*, 410 U.S. 614, 617 n3 (1973).

9.    The violation of a procedural right granted by statute can be sufficient in some circumstances to constitute injury in fact; in such a case, a plaintiff need not allege any *additional* harm beyond the one identified by Congress, *Spokeo, Inc. v. Robins*, 136 S.Ct. 1540 (1026) citing *Federal Election Comm'n v. Akins,* 524 U.S. 11, 20–25, 118 S.Ct. 1777, 141 L.Ed.2d 10.

10.    Plaintiffs seek statutory damages, attorney's fees, costs, and all other relief, equitable or legal in nature, as deemed appropriate by this Court, pursuant to the FDCPA and all other common law or statutory regimes.  Plaintiffs request an award of statutory, common law, punitive, and/or actual damages payable by Defendant.

## JURISDICTION AND VENUE

11.    This Court has jurisdiction over this action pursuant to 28 U.S.C. §1331.  This is an action for violations of 15 U.S.C. § 1692 *et seq*.

12.    Venue is proper in this district under 28 U.S.C. §1391(b)(2) because the acts and transactions that give rise to this action occurred, in substantial part, in this district.

## DEFINITIONS

13.    As used in reference to the FDCPA, the terms "creditor," "communication" "consumer," "debt," and "debt collector" are defined in § 803 of the FDCPA and 15 U.S.C. § 1692a.

## PARTIES

14.     The FDCPA, 15 U.S.C. § 1692 *et seq.*, which prohibits certain debt collection practices provides for the initiation of court proceedings to enjoin violations of the FDCPA and to secure such equitable relief as may be appropriate in each case.

15.     Plaintiff, EDWARD, is a natural person and a resident of the State of New Jersey, and is a "Consumer" as defined by 15 U.S.C. § 1692a(3).

16.     GOLDMAN, P.C. is a law firm with its primary offices located at 121 Highway 36, Suite 130, W. Long Branch, New Jersey 07764-1436.

17.     Upon information and belief, RPG is the sole shareholder of GOLDMAN, P.C.

18.     RPG is an attorney licensed to practice in law in the state of New Jersey.

19.     Upon information and belief, GOLDMAN, P.C. is primarily in the business of collecting debts allegedly due to another and is therefore a "Debt Collector" as that term is defined by 15 U.S.C. §1692a(6).

20.     Upon information and belief, RPG personally directs the collection actives of GOLDMAN, P.C.

21.     John Does 1-25, are fictitious names of individuals and businesses alleged for the purpose of substituting names of defendants whose identities will be disclosed in discovery and should be made parties to this action.

## CLASS ACTION ALLEGATIONS

22.     Plaintiffs brings this action as a class action, pursuant to Rule 23 of the Federal Rules of Civil Procedure (hereinafter "FRCP"), on behalf of himself and all consumers and their successors in interest (the "Class"), who were sent debt collection letters and/or

notices from Goldman which are in violation of the FDCPA, as described in this Complaint.

23.     This Action is properly maintained as a statewide class action. The Class consists of:

> All New Jersey consumers who were sent initial collection letters and/or notices from GOLDMAN, P.C., attempting to collect debt(s) allegedly owed to New Jersey Higher Education Student Assistance Authority ("NJHESAA"), which included the alleged conduct and practices described herein.
>
> The class definition may be subsequently modified or refined.
>
> The Class period begins one year to the filing of this Action

24.     The Class satisfies all the requirements of Rule 23 of the FRCP for maintaining a class action:

25.     Upon information and belief, the Class is so numerous that joinder of all members is impracticable because there are hundreds and/or thousands of persons who were sent debt collection letters and/or notices from GOLDMAN, P.C.,  that violate specific provisions of the FDCPA. Plaintiff is complaining of a standard form letter and/or notice that is sent to hundreds of persons;

26.     There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member.  These common questions of law and fact include, without limitation:

    a.     Whether Defendants violated various provisions of the FDCPA;

    b.     Whether Plaintiffs and the Class have been injured by Defendants' conduct;

c.    Whether Plaintiffs and the Class have sustained damages and are entitled to restitution as a result of Defendants' wrongdoing and if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and

d.    Whether Plaintiffs and the Class are entitled to declaratory and/or injunctive relief.

27.    EDWARD's claims are typical of the Class, which all arise from the same operative facts and are based on the same legal theories.

28.    EDWARD has no interest adverse or antagonistic to the interest of the other members of the Class.

29.    EDWARD will fairly and adequately protect the interest of the Class and has retained experienced and competent attorneys to represent the Class.

30.    A Class Action is superior to other methods for the fair and efficient adjudication of the claims herein asserted. Plaintiffs anticipate that no unusual difficulties are likely to be encountered in the management of this class action.

31.    A Class Action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without the duplication of effort and expense that numerous individual actions would engender.  Class treatment will also permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein. Absent a Class Action, class members will continue to suffer losses of statutory protected rights as well as monetary damages.  If Defendants' conduct is allowed proceed without remedy they will continue to reap and retain the proceeds of their ill-gotten gains.

32.     Defendants have acted on grounds generally applicable to the entire Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

## FACTUAL ALLEGATIONS

33.     On or before July 2018, EDWARD applied for a student loan from the New Jersey Higher Education Student Assistance Authority (hereinafter "HESAA" ).

34.     The HESAA obligation arose out of a transaction in which money, property, insurance or services, which are the subject of the transaction, are primarily for personal, family or household purposes.

35.     The HESAA obligation is a "debt" as defined by 15 U.S.C.§ 1692a(5).

36.     HESAA obligation is a "debt" as defined by 15 U.S.C.§ 1692a(5).

37.     EDWARD is at all times relevant to this lawsuit, a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

38.     On or before December 4, 2018, HESAA placed and/or referred the alleged obligation with GOLDMAN, P.C. for the purpose of collection.

39.     On or about December 4, 2018, Defendants caused to be mailed to EDWARD a letter attempting to collect the alleged HESAA obligation.  A copy of said letter is annexed hereto as Exhibit A, except that the undersigned attorney has, in accordance with Fed. R. Civ. P. 5.2 partially redacted the financial account numbers in an effort to protect Plaintiff's privacy.

40.     The December 4, 2018 letter to  EDWARD stated in part: "AMOUNT DUE: $34,960.38".

41.    The December 4, 2018 letter to EDWARD further stated: "There remains due a balance as shown above, which includes interest and *collections costs*." [emphasis added].

42.    At all pertinent times hereto, Defendants were collecting an alleged debt relating to a consumer transaction, pursuant to 15 U.S.C. §1692a(5).

43.    The December 4, 2018 letter sent to EDWARD is a "communication" relating to a "debt" as defined by 15 U.S.C. §1692a(2).

44.    Upon receipt, EDWARD read the December 4, 2018 letter.

45.    Amount due of $34,960.38 as stated in each of the December 4, 2018 letter to EDWARD included collection costs.

46.    Amount due of $34,960.38 as stated in each of the December 4, 2018 letter to EDWARD included collection costs in amount greater than $5,000.00.

47.    EDWARD has never made a payment to Defendants.

48.    The collection cost of represents the contingency fee agreement between GOLDMAN, P.C. and HESAA rather than a pre-paid, flat fee.

49.    Upon information and belief, the applicable agreements between Plaintiffs and HESAA included as provisions, which stated in part: "I will pay all charges, collection costs and all other costs that are permitted under this Note for the collection of this loan, which the lender or subsequent holder of this Promissory Note *incurs in collecting this loan*." [emphasis added].

50.    At the time Defendants sent the December 4, 2018 letter, EDWARD did not owe HESAA attorneys' fees.

51.     At the time Defendants sent the December 4, 2018 letter, EDWARD did not owe HESAA collection costs.

52.     At the time Defendants sent the December 4, 2018 letter to EDWARD, Defendants had not billed HESAA for attorney fees, relative to the collection of the alleged debt.

53.     At the time Defendants sent the December 4, 2018 letter to EDWARD, Defendants had not billed HESAA for collection costs, relative to the collection of the alleged debt

54.     At the time Defendants sent the December 4, 2018 letter to EDWARD, Defendants had not charge HESAA attorneys fees, relative to the collection of the alleged debt.

55.     At the time Defendants sent the December 4, 2018 letter to EDWARD, Defendants had not charge HESAA collection costs, relative to the collection of the alleged debt

56.     At the time Defendants sent the At the time Defendants sent the December 4, 2018 letter to EDWARD, Defendants had not charge HESAA attorneys fees, relative to the collection of the alleged debt letter to EDWARD, HESAA had not paid attorneys fees to Defendant, relative to the collection of the alleged debt.

57.     At the time Defendants sent the At the time Defendants sent the December 4, 2018 letter to EDWARD, Defendants had not charge HESAA attorneys fees, relative to the collection of the alleged debt letter to EDWARD, HESAA had not paid collection costs to Defendant, relative to the collection of the alleged debt.

58.     At the time Defendants sent the December 4, 2018 letter to EDWARD, HESAA had not been awarded collection costs by any Court in any jurisdiction, relating to the alleged debt.

59.    At the time Defendants sent the December 4, 2018 letter to EDWARD, HESAA had not been awarded attorney's fees by any Court in any jurisdiction, relating to the alleged debt

60.    At the time Defendants sent the December 4, 2018 letter to EDWARD, Defendants had not filed an action in any Court in any jurisdiction, related to the alleged debt.

61.    On or about February 26, 2019, Defendants filed a Complaint against EDWARD, in the Superior Court of New Jersey - Law Division, Sussex County, Docket No.: SSX-000089-1914. A copy of said Complaint is annexed hereto as Exhibit B, except that the undersigned attorney has, in accordance with Fed. R. Civ. P. 5.2 partially redacted the financial account numbers in an effort to protect Plaintiffs' privacy.

62.    In paragraph 4 of said Complaint, Defendants requested "an award for collection costs and attorneys' fees" in the amount of $5,979.94.

63.    Upon information and belief, members of the class have made payment of attorneys' fees, which were not due and owing.

64.    Within the period beginning on the day one year prior to the date this Complaint is filed to the present, Defendants sent initial collection letters attempting to collect debts to more than 40 consumers residing within the State of New Jersey similar to the letter annexed hereto as Exhibit A.

65.    Defendants' actions as described herein are part of a pattern and practice used to collect consumer debts.

66.    Defendants could have taken the steps necessary to bring its actions within compliance with the FDCPA, but neglected to do so and failed to adequately review its actions to ensure compliance with the law.

## POLICIES AND PRACTICES COMPLAINED OF

67.    It is Defendants' policy and practice to send written collection communications, in the form annexed hereto as Exhibit A, that violate the FDCPA, by *inter alia*:

    a.    Failing to accurately state the amount of the alleged debt;

    b.    Attempting to collect attorneys' fees when no such fees were to Defendants;

    c.    Attempting to collect collection costs when no such fees were to Defendants

    d.    Using false, deceptive or misleading representations or means in connection with the collection of any debt;

    e.    Depriving consumers of their right to receive the necessary and accurate information as to the true amount of the alleged debt;

    f.    Depriving consumers of their right to receive the informational content as to amount of potential additional costs;

    g.    Depriving consumers of their right to receive the necessary and accurate information as to the true character, amount, and legal status of the alleged debt; and

    h.    Causing consumers to suffered a risk of economic injury.

## COUNT I

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692 et seq.

68.    Plaintiffs repeat the allegations contained in paragraphs 1 through 67 as if the same were set forth at length herein.

69.    Collection letters and/or notices such as those sent by Defendants, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

70.     Defendants violated 15 U.S.C. § 1692 et seq. of the FDCPA in connection with its communications to EDWARD and others similarly situated.

71.     Defendants violated 15 U.S.C. § 1692e of the FDCPA by using a false, deceptive or misleading representation or means in connection with its attempts to collect the alleged debts from EDWARD and other similarly situated.

72.     EDWARD suffered an informational injury due to Defendants violation of 15 U.S.C. § 1692e of the FDCPA in connection with its communications of December 4, 2018 to EDWARD.

73.     Plaintiffs suffered a risk of economic injury due to Goldman's violation of 15 U.S.C. § 1692e of the FDCPA in connection with its communications to EDWARD and other similarly situated.

74.     By stating in its collection letters to EDWARD and other similarly situated that "There remains due a balance as shown above, which includes interest and collection costs", when in fact if any collection cost are due at all, the amount of such costs is based on a percentage of the amount of the debt *collected* and not based on the amount referred for collections, Defendants used false, deceptive, misleading representations or means in connection with their attempts to collect the alleged debts from EDWARD and other similarly situated, in violation of 15 U.S.C. § 1692e *et seq*.

75.     Edward suffered an informational injury due to Defendants violation of 15 U.S.C. §1692e of the FDCPA by using false, deceptive and misleading representation means in connection with its attempts to collect a debt from EDWARD.

76.     EDWARD suffered a risk of economic injury due to Defendants violation of 15 U.S.C. §1692e of the FDCPA by using false, deceptive and misleading representation means in connection with its attempts to collect a debt from EDWARD.

77.     By demanding an amount for collection cost in its initial and subsequent collection letters to EDWARD and other similarly situated when said collection costs were not yet, if at all, due Defendants violated various provisions of the FDCPA, including but not limited to, 15 U.S.C. § 1692e, 15 U.S.C. § 1692e(2)(A), 15 U.S.C. § 1692e(10), 15 U.S.C. § 1692f and 15 U.S.C. § 1692f(1).

78.     By representing to EDWARD and other similarly situated that an amount was due for collection costs in its initial collection letters such collection costs were not yet, if at all, due pursuant to the underlying contracts or were not permitted by law, Defendants violated various provision of the FDCPA, including but not limited to, 15 U.S.C. § 1692e, 15 U.S.C. § 1692e(2)(A), 15 U.S.C. § 1692e(10), 15 U.S.C. § 1692f, and 15 U.S.C. § 1692f(1).

79.     Defendants violated 15 U.S.C. § 1692e(2)(A) if the FDCPA by falsely representing the charter, amount or legal status of the alleged debt in its initial collection letters to EDWARD and others similarly situated.

80.     Plaintiffs suffered an informational injury due to Defendants' violation of 15 U.S.C. 1692e(2)(A) of the FDCPA by making a false representation of the character, amount or legal status of the debts.

81.     Plaintiffs suffered a risk of economic injury due to Defendants' violation of 15 U.S.C. 1692e(2)(A) of the FDCPA by making a false representation of the character, amount or legal status of the debts.

82.    Defendants violated 15 U.S.C. § 1692e(10) of the FDCPA by using a false representation or deceptive means to collect or attempt to collect a debt from EDWARD and other similarly situated.

83.    Plaintiffs suffered an informational injury due to Defendants' violation of 15 U.S.C. § 1692e(10) of the FDCPA in connection with its communications of June 27, 2014 to Plaintiffs.

84.    Plaintiffs suffered a risk of economic injury due to Defendants' violation of 15 U.S.C. § 1692e(10) of the FDCPA in connection with its communications to Plaintiff.

85.    Defendants violated 15 U.S.C. § 1692f of the FDCPA by using unfair and unconscionable means to collect or attempt to collect a debt from EDWARD and others similarly situated.

86.    Defendants violated 15 U.S.C. § 1692f(1) of the FDCPA by collecting or attempting to collect an amount Plaintiffs that was not expressly authorized by the agreement creating the alleged debt or by law.

87.    Plaintiffs suffered a risk of economic injury due to Defendants violation of 15 U.S.C. 1692f(1) of the FDCPA by making a false representation of the character, amount or legal status of the debts.

88.    By reason thereof, Defendants are liable to EDWARD and other similarly situated for declaratory judgment that Defendants' conduct violated Section 1692g *et seq*. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

**WHEREFORE,** Plaintiffs demand judgment against Defendants as follows:

      (a)     Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative and, Joseph K. Jones, Esq., and Benjamin J. Wolf, Esq., as Class Counsel;

      (b)     Issuing a preliminary and/or permanent injunction restraining Goldman, their employees, agents and successors from, *inter alia,* engaging in conduct and practices that are in violation of the FDCPA;

      (c)     Issuing a declaratory Order requiring Goldman to make corrective disclosures;

      (d)     Awarding Plaintiff and the Class statutory damages;

      (e)     Awarding Plaintiff and the Class actual damages;

      (f)     Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

      (g)     Awarding pre-judgment interest and post-judgment interest; and

      (h)     Awarding Plaintiff and the Class such other and further relief as this Court may deem just and proper.

Dated: Fairfield, New Jersey
      April 22, 2019

                               */s/ Joseph K. Jones*
                               Joseph K. Jones, Esq.
                               JONES, WOLF & KAPASI, LLC
                               375 Passaic Avenue, Suite 100
                               Fairfield, New Jersey 07004
                               (973) 227-5900 telephone
                               (973) 244-0019 facsimile
                               jkj@legaljones.com

## **DEMAND FOR TRIAL BY JURY**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

*/s/ Joseph K. Jones*
Joseph K. Jones

## **CERTIFICATION PURSUANT TO LOCAL RULE 11.2**

I, Joseph K. Jones, the undersigned attorney of record for Plaintiffs, do hereby certify to my own knowledge and based upon information available to me at my office, the matter in controversy is not the subject of any other action now pending in any court or in any arbitration or administrative proceeding, except for the matter of *Mancheno et al v. Russell P. Goldman, P.C., et al, Civil Case No.: 3:19-cv-06636 MAS-DEA*,  filed in the United States District Court for the District of New Jersey.

Dated: April 22, 2019

*/s/ Joseph K. Jones*
Joseph K. Jones

# Exhibit

# A

LAW OFFICES
RUSSELL P. GOLDMAN, P.C.
121 HIGHWAY 36, SUITE 130
W. LONG BRANCH, NEW JERSEY 07764-1436
TEL. (732) 263-9700 • FAX (732) 263-9754

December 4, 2018

EDWARD M DIPETRILLO JR
████████████████

RE:     OUR CLIENT:        STATE OF NEW JERSEY
        DEBTOR(S):         ███████████████
                           EDWARD M DIPETRILLO JR
        AMOUNT DUE:        $34,960.38

DEAR EDWARD M DIPETRILLO JR:

This firm has been retained to collect the balance that you owe to the New Jersey Higher Education Student Assistance Authority for your defaulted NJCLASS student loan account.

There remains due a balance as shown above, which includes interest and collection costs. Mail your payment to this office. You may have other accounts with HESAA as well. Make your check or money order payable to "NJHESAA" but mail it to this office. We also accept payments by Master card, Visa, American Express and Discover. If we fail to receive your payment or to hear from you, we will take further action to protect our client's interests.

If you are not able to pay the entire balance at this time, please call us so that we can discuss other options. Working together, we can find a solution that is acceptable to you as well as to our client. Do not ignore this letter. Further collection action will only exacerbate the situation. This account will not go away by itself.

Unless you dispute the validity of this debt, or any portion thereof, within 30 days of receipt of this notice, we will assume that the debt is valid. If you notify us in writing within the 30 day period, that the debt, or any portion thereof, is disputed, we will mail you verification of the debt or a copy of any judgment. Further, upon your written request during the 30 day period, we will provide you with the name and address of the original creditor, if different from the current creditor. Litigation within the next 30 days does not affect these rights. We are debt collectors attempting to collect a debt. Any information we obtain will be used for that purpose.

Very truly yours,

RUSSELL P. GOLDMAN, P.C.

*Russell P. Goldman*

RUSSELL P. GOLDMAN

████████

# Exhibit

# B

SSX-L-000889-19   02/26/2019 5:27:13 PM   Pg 1 of 2 Trans ID: LCV2019354676

**RUSSELL P. GOLDMAN, P.C.**
**121 Highway 36 Suite 130**
**West Long Branch, NJ 07764**
**(732) 263-9700**
**ID# 011851979**
**Attorney for Plaintiff**

| | |
|---|---|
| NEW JERSEY HIGHER EDUCATION STUDENT ASSISTANCE AUTHORITY | SUPERIOR COURT OF NEW JERSEY LAW DIVISION – SUSSEX COUNTY |
| Plaintiff | |
| v. | Docket no. _____ |
| ███████████████ | Civil Action |
| EDWARD M DIPETRILLO JR | |
| Defendants | **COMPLAINT** |

Plaintiff, whose address is 4 Quakerbridge Plaza, Trenton, NJ 08625, complains of the defendants as follows:

1. Plaintiff is a New Jersey state agency.

2. Defendants applied for a student loan under the NJCLASS program.  The loan application was approved and for valuable consideration, defendants executed and delivered a Promissory Note to the Plaintiff.

3. Defendants failed to make payments as required and the loan is in default.  Plaintiff has demanded payment from the defendants, but the defendants have failed and refused to pay, leaving a principal balance due of $27,181.58, together with accrued unpaid interest of $2,340.28.

4. In addition to the balance due for principal and interest, Plaintiff is entitled to an award for collection costs and attorneys' fees.  Plaintiff requests an award of $5,979.94.

WHEREFORE, Plaintiff demands judgment against defendants for $35,501.80, together with continuing interest, additional reasonable attorneys' fees, costs of Court and such other relief as the Court may deem just.

I certify that the within matter in controversy is not the subject of any other action or arbitration proceeding, now or contemplated, and that no other parties should be joined in this action. I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with Rule 1:38-7(b).

RUSSELL P. GOLDMAN, P.C.

*Russell P. Goldman*

RUSSELL P. GOLDMAN

Dated: February 26, 2019

RUSSELL P. GOLDMAN, P.C.
121 HIGHWAY 36 SUITE 130
WEST LONG BRANCH, NJ 07764
(732) 263-9700
ATTORNEY FOR PLAINTIFF

RECEIVED
SUSSEX COUNTY SHERIFF

2019 MAR - 1  A 10: 12

| | |
|---|---|
| NEW JERSEY HIGHER EDUCATION STUDENT ASSISTANCE AUTHORITY | SUPERIOR COURT OF NEW JERSEY LAW DIVISION – SUSSEX COUNTY |
| PLAINTIFF | DOCKET NO L-89-19 |
| VS. | Civil Action |
| EDWARD M DIPETRILLO JR | **SUMMONS** |
| DEFENDANTS | |

THE STATE OF NEW JERSEY, TO:  **EDWARD M DIPETRILLO JR**

The plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey.  The complaint attached to this summons states the basis for this lawsuit.  If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days form the date you received this summons, not counting the date you received it.  (A directory of the addresses of each deputy clerk of the Superior Court is available in the Civil Division Management Office in the county listed above and online at http://www.judiciary.state.nj.us/prose/10153_deptyclerklawref.pdf.)  If the complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, PO Box 971, Trenton, NJ 08625.  A filing fee payable to the Treasurer, State of New Jersey and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed.  You must also send a copy of your answer or motion to plaintiff's attorney, whose name and address appear above, or to plaintiff, if no attorney is named above.  A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee of $175.00 and completed Case Information Statement) if you want the court to hear your defense.

If you do not file and serve a written answer or motion within 35 days, the Court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit.  If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

If you cannot afford an attorney, you may call the Legal Services office in the county where you live or the Legal Services of New Jersey Statewide Hotline at 1-888-LSNJ-LAW (1-888-576-5529).  A list of these offices is provided.  If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services.  A directory with contact information for local Legal Services Offices and Lawyer Referral Services is available in the Civil Division Management Office in the county listed above and online at http://www.judiciary.state.nj.us/prose/10153_deptyclerklawref.pdf.

Dated: February 27, 2019

*Michelle M Smith*, Clerk
Superior Court of New Jersey

Defendant to be served:  **Edward M DiPetrillo Jr**
Address for service:

```
SUSSEX COUNTY SUPERIOR COURT
SUSSEX COUNTY JUDICIAL CENTER
43-47 HIGH STREET
NEWTON          NJ 07860-1738
                                    TRACK ASSIGNMENT NOTICE
COURT TELEPHONE NO. (973) 579-0678
COURT HOURS  8:30 AM - 4:30 PM


                    DATE:   FEBRUARY 26, 2019
                    RE:     NEW JERSEY HIGHER ED UCATION  VS DIPETRILLO JOSEP
                    DOCKET: SSX L -000089 19


     THE ABOVE CASE HAS BEEN ASSIGNED TO:   TRACK 1.

     DISCOVERY IS   150 DAYS AND RUNS FROM THE FIRST ANSWER OR 90 DAYS
FROM SERVICE ON THE FIRST DEFENDANT, WHICHEVER COMES FIRST.

     THE PRETRIAL JUDGE ASSIGNED IS:  HON DAVID J. WEAVER

     IF YOU HAVE ANY QUESTIONS, CONTACT TEAM      001
AT:  (973) 579-0706.

     IF YOU BELIEVE THAT THE TRACK IS INAPPROPRIATE YOU MUST FILE A
 CERTIFICATION OF GOOD CAUSE WITHIN 30 DAYS OF THE FILING OF YOUR PLEADING.
     PLAINTIFF MUST SERVE COPIES OF THIS FORM ON ALL OTHER PARTIES IN ACCORDANCE
WITH  R.4:5A-2.
                    ATTENTION:
                                ATT: RUSSELL P. GOLDMAN
                                RUSSELL P. GOLDMAN, PC
                                121 HIGHWAY 36
                                SUITE 130
                                WEST LONG BRANCH NJ 07764-1460


ECOURTS
```